UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

2007 SEP 26  A 10: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Melvin Ray,

    Plaintiff,

vs.                                Civil Action No.

                            2:07cv858-MHT

Troy King, Attorney General,
for the State of Alabama,

    Defendant.


Civil Action Pursuant to the
Declaratory Judgment Act,
(28 U.S.C. § 2201 et seq.)

Plaintiff Melvin Ray, seeks a declaratory judgment
to resolve a controversy concerning the Supremacy
Clause, Article VII, U.S. Const; the Double Jeopardy
Clause, Fifth Amendment, U.S. Const; and the
Due Process and Equal Protection Clauses, Fourteenth
Amendment, U.S. Constitution, which was created by
a decision of the Alabama Supreme Court in
Ex parte Dawson, 674 So. 2d 905 (Ala. 1996).

Jurisdiction:

This Court has jurisdiction pursuant to Article III, U.S. Constitution, and Title 28 U.S.C. § 1331, to resolve this Federal question.

Cause of Action:

The Alabama Supreme Court, without the authorization or approval of the Alabama Legislature, has rendered a decision that purports to create and exception to a decision of the U.S. Supreme Court, where the U.S. Supreme Court interpreted the Double Jeopardy Clause of the Fifth Amendment in Blockburger v. U.S. 284 U.S. 299.

Primary Authority Relied on by Plaintiff:

Plaintiff relies primarily on Blockburger v. United States, 284 U.S. 299, 76 L.Ed. 306, 52 S.Ct. 180 (1932), and Williams v. Singletary, 78 F.3d 1510 (11th Cir. 1996), and the authorities cited therein, and Ex parte Smith, 601 So.2d 488 (Ala. 1992).

<u>Request for Appointment of Counsel</u>:

Plaintiff requests the Court to appoint <u>Hon. Brenda G. Bryn</u>, Asst. Federal Public Defender, Southern District of Florida, as counsel in this matter. <u>Ms. Bryn</u> is An attorney of record in <u>Williams v. Singletary</u>, and she has recommended Plaintiff to request that her office be appointed in this matter.

<u>See</u>, <u>Plaintiff's Exhibit 1</u>, Ms. Bryn's <u>August 8, 2007</u>, Letter to Plaintiff.


<u>FACTS OF CASE</u>

Plaintiff plead guilty in the Circuit Court of Godsden, Etowah County, Alabama, to three counts each of <u>Burglary Third Degree</u> (13A-7-5, Code of Alabama 1975), and <u>Theft of Property First Degree</u> (13A-8-3, Code of Ala. 1975). Each incident of Burglary and Theft derived from a single ~~act~~ criminal act, but over the course of three different incidents.

The Burglary statute under which Plaintiff was charged is a "various [multiple] incident" offense, <u>In Re Nielson</u>, (1889) 131 U.S. 176, 188, 33 L.Ed. 118, which means that two separate crimes must be committed to complete the offense:

§ 13A-7-7. Burglary; third degree.

(a) A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.

The first element of the offense, "knowingly enters or remains unlawfully ..." is a criminal trespass. (<u>See</u>, §§ 13A-7-2 through 13A-7-4, Code 1975.) The second element is that the defendant must have committed the criminal trespass "with intent to commit a crime therein." In Plaintiff's case, the State charged by indictment that the crime intended to be committed was a theft. (<u>See</u>, Indictment, <u>Exhibit 2</u>.)

-4-

Plaintiff contends that his right to be free from double jeopardy was violated when the State used the same theft offense, that was on element of the burglary conviction to secure a second conviction for that same theft offense, in a separate count of the same indictment. In re Nielson, supra:

> "But be that as it may, it seems very clear that where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

131 u.S. at 188.

Obviously, Plaintiff's multiple convictions cannot survive Blockburger's "element test" because the same and single act of theft is involved. The Alabama Supreme Court attempts to get around the Fifth Amendment Double Jeopary Clause on two fronts, neither of which is valid:

First, and most egregious, the Alabama Supreme Court attempts to <u>judicially</u> create an exception to <u>Blockburger,</u> in its <u>Ex parte Dawson,</u> 675 So.2d 905, 907, decision:

"In 1932, the United States Supreme Court held that multiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other statutory offenses do not require. <u>Blockburger v. United States,</u> 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In other words, as long as each statutory offense requires proof of additional facts, the double jeopardy prohibition is not implicated.

"<u>However,</u> in 1992, this Court held that where a defendant is charged with both burglary and theft arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. <u>Ex parte McKelvey,</u> 630 So.2d 56 (Ala. 1992). As the Court of Criminal Appeals noted in its opinion in this present case, So.2d at 58,

6

"Mckelvey relies on the fact that "[theft] and burglary are of the same kindred of crimes." 630 So.2d at 58. That court held, and we agree, that the rationale in Mckelvey concerning theft-burglary situations constitutes a narrow exception to the Blockburger double jeopardy test."
(emphasis added)

The problem with the so-called "narrow exception" is that no court, not even the Alabama Supreme Court, has the authority to create any type of exception to decisions of the United States Supreme Court, when the latter Court is interpreting provisions of the U.S. Constitution — in this case, the Double Jeopardy Clause of the Fifth Amendment. In fact, the Alabama Supreme Court has so held, in Ex parte Harris, 387 So.2d 868, 871 (Ala. 1980):

   "Indeed, every Court in this State is obliged to apply the decisions of the United States Supreme Court interpreting the United States Constitution."

7

Thus, the Alabama Supreme Court erred in attempting to create an exception to the Blockburger rule, and exacerbated the situation with the exception itself, which is that: "A court may sentence a defendant for burglary and theft if the sentences are made concurrent, rather than consecutive." Brown v. State, 821 So. 2d 219, 225 (Ala. Crim. App. 2000).

This secondary premise, just as the foundational "narrow exception," runs afoul to the holdings of the United States Supreme Court. In a litany of cases, the United States Supreme Court held that, even with a concurrent sentence, the Double Jeopardy Clause is still violated, because "[t]he second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence." See, Missouri v. Hunter, (1983) 459 U.S. 359, 368, 74 L.Ed. 2d 535, 103 S. Ct. 673; Benton v. Maryland, (1969) 395 U.S. 784, 790-91, 23 L.Ed. 2d 707, 89 S. Ct. 2056. Moreover, a "second conviction, even if it results in no greater sentence, is an impermissible punishment." Ball v. United States, 470 U.S. 856, 865, 84 L.Ed. 2d 740, 105 S. Ct. 1668 (1985).

8

Notwithstanding the Supremacy Clause and Supreme Court precedent, there is still one constitutionally permissible exception that may operate to allow a State to exercise it police power to authorize multiple convictions for a single criminal act: The Alabama Legislature can create an exception. This principle was explained by the U.S. Supreme Court in <u>Missouri v. Hunter</u> (1983), 459 U.S 359, 365-68, 74 L.Ed 2d 535, 103 S.Ct. 673, and adopted by the Alabama Supreme Court in <u>Ex parte Rice</u>, 766 So.2d 143, 148 (Ala. 1996):

[T]he Double Jeopardy Clause, as a general rule, prohibits the State from subjecting a defendant to multiple punishments for the same offense ... However, this protection for criminal defendants constrains only the judiciary to act in accordance with the expressed will of the Legislature; it does not prohibit the Legislature from authorizing the imposition of cumulative sentences for what amounts to the same offense, provided the Legislative intent to do so is clear and the prosecutions and convictions

occur in a single trial. The Supreme
Court made this clear in <u>Missouri v.
Hunter</u>, 459 U.S. 359, 74 L.Ed.2d 535,
103 S. Ct. 673 (1983).

Even with the exception, though, there still remains
one gigantic problem with <u>Ex parte Dawson/Mckelvey</u>:
The Alabama Legislature has not authorized
cumulative convictions nor sentences for burglary/theft
and theft offenses. The Alabama Legislature's <u>Double
Jeopardy</u> statute, <u>Title 15-3-8</u>, Code of Alabama 1975,
does not contain any provision contrary to the
Fifth Amendment:

<u>§ 15-3-8.</u> Double Jeopardy.

"Any act or omission declared criminal
and punishable in different ways by
different provisions of law shall be
punished only under one of such
provisions, <u>and a conviction or acquittal
under any one shall bar a prosecution
for the same act or omission under any
other provision.</u> (emphasis added)

In a concurring opinion by Justice Alman in Ex parte Howard, the justice explained §15-3-8, Code 1975, as follows:

> "The plain terms of §15-3-8 prohibit double punishment or successive prosecutions for "any act or omission." This Code section provides protections for accused persons over and above those provided by the double jeopardy clauses of Article 1, §9, of the Alabama Constitution of 1901 and Amendment 5 to the United States Constitution, as applied to the States through Amendment 14. Baldwin v. State, 47 Ala App. 136, 251 So.2d 633 (Ala.Crim. App.)

Section 15-3-8, is a general, single-subject Act of statewide application. It has been used to bar burglary with intent to destroy property and criminal mischief to destroy property, Ex parte Smith, 601 So.2d 488 (Ala.1992),

as well as, bAr multiple convictions in
other "various incident" criminal statutes,
including capital offenses. See, Ex parte Dorsey,
881 So.2d 533, 536; Ex parte Rice, 766 So.2d 143;
Harris v. State, 854 So.2d 145 (Ala. Crim. App. 2002);
Ex parte Robey, [Ms. 1031442, Dec. 3, 2004].

Nothing within the text of § 15-3-8, or any
other section of the Code expresses an intent
by the Legislature to create an exception to
the Double Jeopardy Clause where burglary with
a theft and theft are concerned, and, as explained
in Williams v. Singletary, supra, to allow these
multiple convictions would violate double jeopardy:

Comparing the elements that must be proved
for the crime of [theft] and the crime of
burglary with an [theft], it is clear that
although burglary with an [theft] requires
proof of an element that [theft] does not,
[theft] does not require proof of any element
that burglary with an [theft] does not. The crime
of [theft] is completely subsumed in the crime
of burglary with an [theft]; there is no

12

element of [theft] that need not be proven to establish a burglary with an [theft]. Because each offense as defined in the relevant statutes does not require proof of an element that the other does not, and because there is no clear indication of a Legislative intent to authorize cumulative convictions and sentences for [theft] and burglary with an [theft], the crimes "are the same offense" and double jeopardy bars additional punishment. United States v. Dixon, 509 U.S. 668, 113 S.Ct. 2849, 125 L.Ed 2d 556 (1993).

A claim of this nature impacts the constitutional and statutory jurisdiction of the trial court, thus this court is not constrained to reach and decide or declare the rights involved. Straugh v. State, 2003 Ala.Crim. App. LEXIS 59.

-13-

## Relief Sought

Plaintiff seeks declaration of the following:

1. Plaintiff's protection against double jeopardy has been violated.

2. The Alabama Legislature has not expressed any intent to authorize cumulative convictions or sentences for burglary with a theft (§ 13A-7-7) and theft (§ 13A-8-3), when these offenses arise from a single incident.

3. The Alabama Supreme Court lacks the authorization to create any exception to the U.S. Supreme Court's Blackburger decision.

4. Plaintiff seeks any other declaratory relief and judgment authorized by law, including the fact that the statutes are unconstitutional as applied, and that they are being applied in a manner that denies equal protection of law (§§ 13A-7-7; 13A-8-3; 15-3-8.)

Meli Ray

I affirm to the foregoing under penalty of law.

Respectfully,

Melvin Ray     M-35
3700 Holman Unit
Atmore, AL   36503


Date: 9 / 13 / 2007

—————————————————— end.

Kevin Ray #N35
16-3343
3700 Holman Unit
Atmore, AL 36503

United States District Court
Middle District of Alabama
15 Lee Street
Montgomery, AL 36104

# FEDERAL PUBLIC DEFENDER
## Southern District of Florida

Exhibit 1

**Kathleen M. Williams**
**Federal Public Defender**

Location:  Fort Lauderdale

**Michael Caruso**
**Chief Assistant Federal Public Defender**

_Miami:_

**Orlando do Campo**
**Hector L. Flores**
**Celeste Siblesz Higgins**
**Anthony J. Natale**
**Paul M. Rashkind,**
**    Supervising Attorneys**

**Bonnie Phillips-Williams,**
**    Executive Administrator**

Stewart G. Abrams
Helaine B. Batoff
Sowmya Bharathi
Beatriz Galbe Bronis
Miguel Caridad
Timothy Cone
Hector A. Dopico
Daniel L. Ecarius
Vincent P. Farina
Margaret Y. Foldes
R. D'Arsey Houlihan
Richard C. Klugh, Jr.
Paul M. Korchin
Richard J. Lautenbach
Anne Lyons
Faith Mesnekoff
Jacqueline E. Shapiro
Jan C. Smith
Michael D. Spivack
Brian L. Stekloff
John W. Wylie

_Ft. Lauderdale:_

**Robert N. Berube,**
**    Supervising Attorney**

Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Chantel R. Doakes
Robin J. Farnsworth
Patrick M. Hunt
Bernardo Lopez
Nelson M. Marks
Samuel J. Smargon
Gail M. Stage
Daryl E. Wilcox

_West Palm Beach:_

**Dave Lee Brannon,**
**    Supervising Attorney**

Robert E. Adler
Lori E. Barrist
Peter Birch
Jonathan Pignoli
Robin C. Rosen-Evans

August 8, 2007

Mr. Melvin Ray
163343
K - 50
3700 Holman Unit
Atmore, AL 36503

Dear Mr. Ray:

I am writing to respond to your recent letter regarding your case. Because the Federal Public Defender has not been appointed to represent you, I am unable to give you specific legal advice about your case.

You would need to write to the United States District Court and request that the Federal Defender be appointed to represent you.

Good luck with your case.

Sincerely,

Brenda G. Bryn
    Assistant
Federal Public Defender

BGB:ajp

---

**Miami**
150 West Flagler Street
Suite 1500
Miami, FL 33130-1555
Tel: (305) 536-6900
Fax: (305) 530-7120

**Ft. Lauderdale**
One East Broward Boulevard
Suite 1100
Ft. Lauderdale, FL 33301-1842
Tel: (954) 356-7436
Fax: (954) 356-7556

**West Palm Beach**
450 Australian Avenue South
Suite 500
West Palm Beach, FL 33401-5040
Tel: (561) 833-6288
Fax: (561) 833-0368

*Exhibit 2*

30647
Case Number

G. J No. 187          Page 275

Received _____ 19___

_____
_____ Sheriff.

# CIRCUIT COURT

## ETOWAH COUNTY, ALABAMA

RETURN

THE STATE

vs.

Executed by arresting the within nam

Defendant and *serving him*

*a copy of the within*

MELVIN RAY

~~JANE~~ *not in jail*

*named indictment or*

2416 Medaris Rd
Huntsville, Al

*placing him in ja*

# WRIT OF ARREST

This the *1st* _____ day

# ON INDICTMENT

*February*, 19 *91*

*11-8-88 Mailed to Madison Co*

*James Harper*
Sheriff.

Bail fixed at $ 25,000.00

*David Helms*

/s/ WILLIAM H. RHEA, III

ENTERED ACJ0 Judge.
DATE: 100388
AIR 1158333/

*1-4-88 Return* NAME: *BURNS*
NF

# — INDICTMENT —

# The State of Alabama  CIRCUIT COURT _____
## Etowah County
FALL_____  TERM, 1988

## COUNT ONE

The Grand Jury of said County charges that before the finding of this Indictment Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly enter or remain unlawfully in a building of J. C. Penney Company, Inc., §13A-7-7, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

## COUNT TWO

The Grand Jury of said County further charges that before the finding of this Indictment, Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly obtain or exert unauthorized control over two (2) Sasson totes, of the value of $29.98; six (6) pairs of shoes, of the value of $269.94; five (5) leather jackets, of the value of $500.00; one (1) sweat shirt, of the value of $66.00; one (1) sports shirt, of the value of $20.00; four (4) pairs of gloves, of the value of $55.98; one (1) leather handbag, of the value of $149.95; two (2) Bugle Boy shirts, of the value of $52.00; one (1) wool sports coat, of the value of $179.98; one (1) sweater, of the value of $102.00; three (3) skirts, of the value of $80.00; one (1) blouse, of the value of $144.00; four (4) Pepsi sweats, of the value of $112.00; one (1) Pepsi Polo, of the value of $30.00; ten (10) pairs of jeans, of the value of $308.98; one (1) sweater, of the value of $35.00; one (1) dress, of the value of $49.99; one (1) denim jacket, of the value of $39.99; and one (1) microwave oven, of the value of $299.95, all of the aggregate value of $2,525.74, the property of J. C. Penney Company, Inc., with the intent to deprive the owner of said property, in violation of Title 13A, §13A-8-3, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

## COUNT THREE

The Grand Jury of said County further charges that before the finding of this Indictment, Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly enter or remain unlawfully in a building of Belk-Hudson Company, Incorporated, with intent to commit a crime therein, to-wit:  theft, in violation of Title 13A, §13A-7-7, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

## COUNT FOUR

The Grand Jury of said County further charges that before the finding of this Indictment, Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly obtain or exert unauthorized control over assorted jewelry, of the value of $24,000.00, the property of Belk-Hudson Company, Incorporated,  with the intent to deprive the owner of said property, in violation of Title 13A, §13A-8-3, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

## COUNT FIVE

The Grand Jury of said County further charges that before the finding of this Indictment, Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly enter or remain unlawfully in a building of Belk-Hudson Company, Incorporated, with intent to commit a crime therein, to-wit:  theft, in violation of Title 13A, §13A-7-7, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

— cont —

**JAMES E. HEDGSPETH, JR.**
DISTRICT ATTORNEY 16th JUDICIAL CIRCUIT

COUNT SIX

The Grand Jury of said County further charges that before the finding of this Indictment, Melvin Ray, whose name to the Grand Jury is otherwise unknown than as stated, did knowingly obtain or exert unauthorized control over nine (9) pairs of jeans, of the value of $246.92; and assorted merchandise, of the value of $1,605.92, all of the aggregate value of $1,852.84, the property of Belk-Hudson Company, Incorporated, with the intent to deprive the owner of said property, in violation of Title 13A, §13A-8-3, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.

JAMES E. HEDGSPETH, JR.

District Attorney 16th Judicial Circuit

A TRUE BILL

_Geo Mc_
Foreman Grand Jury.

Presented to the Court by the Foreman of the Grand Jury in the presence of _Sixteen_ other Grand Jurors and filed in open court on

This the 9th day of Sept. 19 88

_Billy Yates_
                                    Clerk.

The Sheriff is hereby authorized to release the within named Defendant in this Indictment upon Defendant executing bail approved by the Sheriff in the sum of $ 25,000.00

This the 9th day of Sept. 19 88

_William H Rhea III_
Judge 16th Judicial Circuit.

THE STATE OF ALABAMA
Etowah County

Clerk of the Circuit Court in and for said County and State, do hereby certify that the within Indictment, together with the endorsements appearing hereon, is a true and correct copy of the original Indictment and endorsements on the same, in the case of the State aforesaid vs.

in the Circuit Court of said County, as the same appears of record in the office of the Clerk of said Circuit Court.

This the _____ day of _____ 19 ___

_____ Clerk.

Case Number CC-88-563.01 thru CC-88-563.06   Trial Docket

Grand Jury No. 187   Page 275

# The State of Alabama
Etowah County

## CIRCUIT COURT

THE STATE
vs.

MELVIN RAY

DOB 4-29-71   b/m

SID

# INDICTMENT

Burglary 3rd Degree and Theft 1st Degree   (total - 6 counts)

═══ WRIT OF ARREST ON INDICTMENT ═══

# Circuit Court of Etowah County, Alabama

TO ANY SHERIFF OF THE STATE OF ALABAMA...GREETINGS:

An indictment having been found against ___MELVIN RAY___

at the ___FALL___ Term, 19 __88__ , of the Circuit Court of Etowah County, for the offense of

___BURGLARY 3RD DEGREE AND THEFT 1ST DEGREE (TOTAL - 6 COUNTS)___

You are therefore commanded forthwith to arrest said defendant and commit him to jail, unless he gives bail to answer such Indictment at the said Circuit Court now in session and make return of this writ according to law.

Witness my hand, this '13TH  day of ___SEPT.___ __19__, 88

FILED 1988
___ YATES
CLERK, CIRCUIT COURT

_Billy Yates_                           Clerk.