IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN RAY, AIS #163343, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-858-MHT |
| | ) | [WO] |
| | ) | |
| TROY KING, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Melvin Ray ["Ray"], an indigent state inmate, purports to bring this civil action

under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1]  The court has granted Ray leave

to proceed *in forma pauperis* in this case.[2]

Upon review of the plaintiff's request for declaratory relief, the court concludes that

this civil action is subject to summary dismissal in accordance with the provisions of 28

U.S.C. § 1915(e)(2)(B)(ii).

### I.  PROCEDURAL HISTORY

---

[1]This Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." 28 U.S.C. § 2201(a).

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his cause of action screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss such action prior to service of process if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

On February 9, 1990, Ray entered guilty pleas to three counts of third degree burglary and three counts of first degree theft of property before the Circuit Court of Etowah County, Alabama.[3]  The sentences imposed for the aforementioned convictions have expired.  *Ray v. State*, Civil Action No. 05-0269-WS-M (S.D. Ala. 2005), appeal dismissed October 25, 2006 - *Plaintiff's September 19, 2005 Motion to Include Remedy of Error Coram Nobis/Court Doc. No. 13* at 3 ("[T]he plaintiff ... is no longer 'in custody' on the [1990 burglary and theft convictions] because he has completed the sentences for [these] convictions ....").  Ray is currently incarcerated at the Holman Correctional Facility on a sentence of life imprisonment without parole imposed upon him by the Circuit Court of Madison County, Alabama for a 2001 murder conviction.  *Ray v. Campbell, et al.*, Civil Action 04-G-1605-NE (N.D. Ala. 2007).

In the instant civil action, Ray asserts that his 1990 convictions for third degree burglary and first degree theft of property violated "his right to be free from double jeopardy [because] the State used the same theft offense that was an element of the burglary conviction to secure a second conviction for that same theft offense ...." *Plaintiff's Request for Declaratory Judgment - Court Doc. No. 1* at 5.  Ray also complains that his convictions for burglary and theft deprived him of equal protection and due process.  *Id*. at 1.  Ray seeks a declaration from this court that his right to "protection against double jeopardy has

---

[3]Etowah County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

been violated." *Id*. at 14.  He also requests "any other declaratory relief and judgment authorized by law, including the fact that the statutes are unconstitutional as applied, and that they are being applied in a manner that deprives equal protection ...." *Id*.

## II.  DISCUSSION

Ray seeks to invoke the jurisdiction of this court pursuant to the Declaratory Judgment Act.  The law is well settled that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 80 S.Ct. 1288 (1960); *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 70 S.Ct. 876 (1950); *Harbert v. United States*, 206 Fed.Appx. 903, 908 (11th Cir. 2006) ("[T]he Declaratory Judgment Act does not establish an independent basis for federal jurisdiction."); *Federal Election Commission v. Reform Party of the United States*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007), *cert. denied*, *Seaboard System Railroad, Inc. V. Donovan*, 466 U.S. 936, 104 S.Ct. 1908 (1984); *Louisville & Nashville Railroad Company v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983).  "The Act only provides courts with discretion to fashion a remedy. *See Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952).  Thus, before invoking the Act, the court must have jurisdiction already." *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

Other than the instant civil action, no "case of actual controversy" is pending before this court to which Ray is an "interested party" as is required to confer jurisdiction upon

this court to consider Ray's request for issuance of a declaratory judgment.  Consequently,

in light of clearly established federal law, Ray cannot use the Declaratory Judgment Act

as the basis for federal jurisdiction.

To the extent Ray seeks to challenge the constitutionality of his 1990 convictions

and have such convictions deemed invalid, habeas corpus provides the exclusive federal

remedy.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-490, 93 S.Ct. 1827, 1835-1836 (1973).

Thus, a state inmate may not seek any kind of declaratory judgment or injunctive relief

regarding a challenge to state convictions apart from filing an application for writ of habeas

corpus under 28 U.S.C. § 2254.  *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct.

1694, 1699 (1998); *LoBue v. Christopher*, 82 F.3d 1081, 1083 (D.C. Cir. 1996) (inmate

may not circumvent preclusive effect of requisite procedures for seeking habeas relief by

filing a declaratory judgment action).  It is therefore clear that Ray cannot use the

Declaratory Judgment Act merely to escape the "in custody" requirement[4] or circumvent

other procedural restrictions placed on federal habeas petitions.  *See Wofford v. Scott*, 177

F.3d 1236, 1245 (11th Cir. 1999) (federal inmate may not proceed on § 2241 petition, rather

---

[4]The law is well settled that "[f]ederal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence."). Since Ray concedes he is not "in custody" on the 1990 convictions, the court lacks subject matter jurisdiction to consider a petition for federal habeas corpus relief.

than § 2255 motion, to evade "effects of his failure to raise an available claim earlier.").

If a prisoner prevented from bringing a habeas petition could, without more, simply file a

separate collateral action challenging his convictions, "then Congress would have

accomplished nothing at all in its attempts --through statutes like the AEDPA -- to place

limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir.

1997).  To allow otherwise would effectively eviscerate Congress' decision to make

custody a requisite element for seeking habeas relief and negate its intent in adopting the

preclusive provisions of the Antiterrorism and Effective Death Penalty Act ["AEDPA"].

*Id.*

Prohibiting circumvention of the procedural requirements of the habeas statute is

supported by the AEDPA's purposes of "further[ing] comity, finality, and federalism."

*Williams v. Taylor*, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490 (2000); *Miller-El v. Cockrell*,

537 U.S. 322, 337, 123 S.Ct. 1029, 1040 (2003).  It likewise "'promotes judicial efficiency

and conservation of judicial resources, safeguards the accuracy of state court judgments by

requiring resolution of constitutional questions while the record is fresh, and lends finality

to state court judgments within a reasonable time.'" *Day v. McDonough*, 547 U.S. 198,

205-206, 126 S.Ct. 1675, 1681 (2006) (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir.

2000).  Accordingly, Ray cannot circumvent the procedures for seeking habeas corpus

relief by bringing an action under the Declaratory Judgment Act.  *Forsythe v. Ohio*, 333

F.2d 678, 679 (6th Cir. 1964) ("[T]he Declaratory Judgment Act ... cannot be used [by a

state inmate] as a substitute for ... habeas corpus ....”); *see also United States v. Gutierrez*, 116 F.3d 412, 415 (9ᵗʰ Cir. 1997) (the Declaratory Judgment Act cannot operate as a substitute or alternative remedial basis to the filing a 28 U.S.C. § 2255 motion by a federal prisoner seeking to challenge his conviction); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-810 (D.C. Cir. 1998) (en banc).

Furthermore, no cause of action exists under § 1983unless the convictions Ray seeks to challenge have been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 2374 (1994). The relevant inquiry is “whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[s]....” 512 U.S. at 487, 114 S.Ct. at 2372; *Edwards v. Balisok*, 520 U.S. 641, 646-648, 117 S.Ct. 1584, 1588 (1997); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7ᵗʰ Cir. 2003) (“It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.”). The rule of *Heck* is not limited to a request for damages but is equally applicable to Ray's request for declaratory judgment. *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996) (An inmate “cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus.”) Here, Ray concedes that his 1990 burglary and theft convictions have not been reversed, expunged, invalidated or questioned

6

by a federal court. *Heck* and its progeny therefore bar the use of § 1983 to mount a collateral attack on these convictions. 512 U.S. at 489, 114 S.Ct. at 2373 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

### III. CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that Ray's request for declaratory relief under the Declaratory Judgment Act be DENIED. This case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before October 25, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of October, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE