Melvin Ray,

  Plaintiff,

vs.                                  07:CV-858 MHT

Troy King,

  Defendant

## Motion for Service of Process by indigent Party, Rule 4(c)(2), Fed. R. Civ. P.

Comes now the plaintiff Melvin Ray, and hereby motions the Court to appoint a U.S. Marshall, deputy U.S. Marshall, or other person or officer to perfect service of this complaint upon the defendant Troy King, Attorney General, 11 South Union Street, Montgomery, Al, 36130, pursuant to Rule 4(c)(2), Fed. R. Civ. P., where the Court has granted In Forma Pauperis, in this matter.

Date: 10/12/07

Respectfully,

Melvin Ray
Melvin Ray
3700 Holman Unit
Atmore, AL 36503

cc:

Melvin Kay W-55
193343
3CC Holman Unit
Atmore, AL 36503

LEGAL MAIL ONLY

36104+4056-99 C006

U.S. District Court
Middle District of Alabama
15 Lee Street
Montgomery, AL 36104



UNITED STATES POSTAGE
02 1A
0004370190   OCT 15 2007
MAILED FROM ZIP CODE 36502
$ 00.75⁰
PITNEY BOWES

RECEIVED
2007 OCT 18 A 10: 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

United States District Court

Middle District of Alabama

Melvin Ray

Plaintiff,

Civil Action No.
2:07-CV-858-MHT

Vs.

Troy King. Attorney General,

For the State of Alabama,

Defendant

Civil Action Pursuant to the

Declaratory Judgment Act;

(28 U.S.C. 2201 et. Seq.)

---

Plaintiff Melvin Ray, seeks a declaratory judgment to resolve a controversy concerning the <u>Supremacy Clause</u>, Article VI, U.S. Const; the <u>Double Jeopardy Clause</u>, Fifth Amendment, U.S. Const; and the <u>Due Process and Equal Protection Clause</u>, Fourteenth

Amendment, U.S. Constitution, which was created by a decision of the Alabama Supreme Court in Ex parte Dawson, 674 so 2d 905 (Ala,1996).

Jurisdiction:

This Court has jurisdiction pursuant to Article III, U.S. Constitution, and Title 28 U.S.C. 1331, to resolve this Federal question.

Cause of Action;

The Alabama Supreme Court, without the authorization or approval of the Alabama Legislature, has rendered a decision that purports to create an exception to a decision of the U.S. Supreme Court, where the U.S. Supreme Court interpreted the Double Jeopardy Clause of the Fifth Amendment.

Primary Authority Relied on by Plaintiff:

Plai8ntiff relies primarily on Blockburger vs. United States, 284 U.S. 299, 76 L.E.D. 306, 52 S. Ct. 180 (1932), and Williams v. Singletary, 78 F.3d 1510 (11th Cir.1996), and the authorities cited therein, and Ex parte Smith, 601 So.2d 488 (Ala. 1992)

Request for Appointment of Counsel:

Plaintiff request the Court to appoint Hon. Brenda G. Bryn, Asst. Federal Public Defender, Southern District of Florida, as counsel in this matter Ms. Bryn is an attorney of record in Williams v. Singletory, and she has recommended Plaintiff to request that her office be appointed in this matter.

Sec, Plaintiff's Exhibit 1, Ms. Bryn's August 8, 2007, Letter to Plaintiff.

## Facts of Case

Plaintiff plead guilty in the Circuit Court of Gadsden, Etowah County, Alabama, to three counts each of Burglary Third Degree, (13A-7-7, Code of Alabama 1995), and Theft of Property First Degree (13A-8-3, Code of Ala 1975). Each incident of Burglary and Theft derived from a single criminal act, but over the course of three different incidents.

The Burglary Stature under which Plaintiff was Charged is a "various [multiple] incident" offense, In Re Nielson, (1889) 131 U.S. 176, 188, 33 L.E.D. 118, which means that two separate crimes must be committed to complete the offense:

13A-7-7. Burglary; third degree.

> (a) A person commits the crime of burglary in the third degree if he knowingly enters Or remains unlawfully in a building with intent to commit a crime therein.

The First element of the offense, "knowingly enters or remains unlawfully..." is a criminal trespass. (See, 13A-7-2 through 13A-7-4, Code 1975). The second element is that the defendant must have committed the criminal trespass " with intent to commit a

crime therein". In Plaintiff's case, the State charged by indictment that the crime intended to be committed was a theft. (See, Indictment, Exhibit 2)

Plaintiff contends that his right to be free from double jeopardy was violated when the state used the same theft offense that was on element of the burglary conviction to secure a second conviction for that same theft offense, in a separate count of the same indictment. In Re Nielson, supra:

> "But be that as it may, it seems very clear that where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

Obviously, Plaintiff's multiple convictions cannot survive Blockburger's "element test" because the same and single act of theft is involved. The Alabama Supreme Court attempts to get around the Fifth Amendment Double Jeopardy Clause on two fronts, neither of which is valid:

First, and most egregious, the Alabama Supreme Court attempts to judicially create an exception to Blockburger, in its Ex parte Dawson, 675 So 2d 905,907, decision:

> " In 1932, the United States Supreme Court held that multiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other

statutory offenses do not require. Blockburger v. United States, 284 U.S. 299, 52 S.Ct 180, 76 L.Ed. 306 (1932). In other words, as long as each statutory offense requires proof of additional facts, the double jeopardy prohibition is not implicated.

However, in 1992, this Court held that where a defendant is charged with both burglary and theft arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Ex parte Mckelvey, 630 So.2d 56 (Ala.1992). As the Court of Criminal Appeals noted in its opinion in this present case, So2d at, 58. "Mckelvey relies on the fact that "[theft] and burglary are of the same kindred of crimes." 630 So.2d at 58. That court held, and we agree, that the rationale in Mckelvey concerning theft-burglary situations constitutes a narrow exception to the Blockburger double jeopardy test."

The problem with the so-called "narrow exception" is that no court, not even the Alabama Supreme Court, has the authority to create any type of exception to decisions of the United States Supreme Court, when the latter Court is interpreting provisions of the U.S. Constitution- in this case, the Double Jeopardy Clause of the Fifth Amendment. In fact, the Alabama Supreme Court has so held, in Ex parte Harris, 387 So.2d 868, 871 (Ala.1980):

> "Indeed, every Court in this State is obliged to apply the decisions of the United States Supreme Court interpreting the United States Constitution."

Thus, the Alabama Supreme Court erred in attempting to create an exception to the Blockburger rule, and exacerbated the situation with the exception itself, which is that: "A court may sentence a defendant for burglary and theft if the sentences are made concurrent, rather than consecutive. " Brown v. State 821 So.2d 219, 225 (Ala. Crim Appeal 2000)."

This secondary premise, just as the foundational "narrow exception," runs afoul to the holding of the United States Supreme Court. In a litany of cases, the United States Supreme Court held that, even with a concurrent sentence, the Double Jeopardy Clause is still violated, because " the second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence." See, Missouri v. Hunter, (1983) 459 U.S. 359, 368, 74 L.Ed 2d 535, 103 S.Ct. 673; Benton v. Maryland (1969) 395 U.S. 784, 790-91, 23 L.Ed. 2d 707, 89 S.Ct 2056. Moreover, a "second conviction, even if it results in no greater sentence, is an impermissible punishment." Ball v. United States, 470 U.S. 856, 865, 84 L.Ed. 2d 740, 105 S.Ct 1668 (1985).

Notwithstanding the Supremacy Clause and Supreme Court precedent, there is still one constitutionally permissible exception that may operate to allow a State to exercise it police power to authorize multiple convictions for a single criminal act: The Alabama Legislature can create an exception. This principle was explained by the U.S. Supreme Court in Missouri v.Hunter (1983). 459 U.S. 359, 365-68, 74 L.Ed. 2d 535, 103 S.Ct.

673, and adopted by the Alabama Supreme Court in Ex parte Rice, 766 So.2d 143, 148, (Ala. 1996):

> "[T]he Double Jeopardy Clause, as a general rule, prohibits the State from subjecting a defendant to multiple punishments for the same offense... However, this protection for criminal defendants constrains only the judiciary to act in accordance with the expressed will of the Legislature, it does not prohibit the Legislature from authorizing the imposition of cumulative from authorizing the imposition of cumulative sentences for what amounts to the same offense, provided the legislative intent to do so is clear and the prosecutions and convictions occur in a single trial. The Supreme Court made this clear in Missouri v. Hunter, 459 U.S. 359, 74 L.Ed.2d 535, 103, S.Ct. 673 (1983)."

Even with the exception, though, there still remains one gigantic problem with Ex parte Dawson/ Mckelvey, the Alabama Legislature has not authorized cumulative conviction: nor sentences for burglary/ theft and theft offenses. The Alabama Legislature's Double Jeopardy statute, Title 15-3-8, Code of Alabama 1975, does not contain any provision contrary to the Fifth Amendment:

> 15-3-8 Double Jeopardy
>
> " Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions,

and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

In a concurring opinion by Justice Alman in Ex parte Howard, the justice explained 15-3-8, Code 1975, as follows:

"The plain terms of 15-3-8 prohibit double punishment or successive prosecutions for "Any act or omission." This Code section provides protections for accused persons over and above those provided by the double jeopardy clauses of Article 1, 9, of the Alabama Constitution of 1901 and Amendment 5 to the United States Constitution, as applied to the States through Amendment 14. Baldwin v.State, 47 Ala. App. 136, 251 So.2d 633 (Ala Crim. App.)"

Section 15-3-8, is a general, single-subject Act of Statewide application. It has been used to bar burglary with intent to destroy property and criminal mischief to destroy property, Ex parte Smith, 601 So.2d 488 (Ala. 1992), as well as, bar multiple convictions in other "various incident" criminal statutes, including capital offenses. Sec. Ex parte Darsey, 881 So.2d 533, 536, Ex parte Rice, 766 So.2d 143; Harris v. State, 854 So.2d (Ala.Crim.App.2002); Ex parte Robey, [Ms. 1031442, Dec.3 2004].

Nothing within the text of 15-3-8, or any other section of the Code expresses on intent by the Legislature to create on exception to the Double Jeopardy Clause where burglary

with a theft are concerned, and as explained in <u>Williams v. Singletary</u>, Supra, to allow these multiple convictions would violate double jeopardy:

> "Comparing the elements that must be proved for the crime of [theft] and the crime of burglary with an [theft], it is clear that although burglary with an [theft] requires proof of an element that [theft] does not, [theft] does not require proof of any element that burglary with an [theft] does not. The crime of [theft] is completely subsumed in the crime of burglary with an [theft]; there is no element of [theft] that need not be proven to establish a burglary with an [theft]. Because each offense as defined in the relevant statutes does not require proof of an element that the other does not, and because there is no clear indication of a legislative intent to authorize cumulative convictions and sentences for [theft] and burglary with an [theft], the crimes " are the same offense" and double jeopardy bars additional punishment. <u>United States v. Dixon</u> 509 U.S. 668, 113 S.Ct. 2849, 125 L.Ed 2d 556 (1993)."

A claim of this nature impacts the constitutional and statutory jurisdiction of the trial court, thus this court is not constrained to reach and decide or declare the rights involved. <u>Straugh v. State,</u> 2003 Ala.Crim. App. Lexis 59.

### Relief Sought

Plaintiff seeks declaration of the following:

1. Plaintiff's protection against double jeopardy has been violated.

2. The Alabama Legislature has not expressed any intent to authorize cumulative convictions or sentences for burglary with a theft ( 13A-7-7) and theft ( 13A-8-3), when these offenses arise from a single incident.

3. The Alabama Supreme Court lacks the authorization to create any exception to the U.S. Supreme Court's <u>Blockburger</u> decision.

4. Plaintiff seeks any other declaratory relief and judgment authorized by law, including the fact that the statutes are being applied in a manner that denies equal protection of law.( 13A-7-7, 13A-8-3, 15-3-8.)

I affirm to the foregoing under penalty of law.

Respectfully,

*[signature]*

Melvin Ray   M-35

3700 Holman Unit

Atmore, Al 36503