# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

Melvin Ray,
    Plaintiff,

vs.

Troy King,
    Defendant.

Civil Action

2:07-CV-858-MHT

RECEIVED
2007 OCT 26 A 9:52
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### Motion for De Novo Review And Objection to the Recommendation of the Magistrate Judge issued 12 Oct. 2007

Plaintiff <u>Melvin Ray</u>, has been granted indigent status and has sought leave to amend this action to a 42 U.S.C. § 1983 proceeding, with amendment and adoption of the original filings for Declaratory Judgment Act relief, and states the following in support:

The Magistrate's report frames this action as a challenge to the constitutionality of the 1990 convictions that gave rise to the issues in these proceedings. However, this action is not a challenge per se to those convictions, but to the unconstitutional application of the state laws and unconstitutional state action

-1-

that led to those convictions, relative to the Supremacy Clause of the U.S. Constitution. Marbury v. Madison. Compliance with U.S. Supreme Court interpretations of the Double Jeopardy Clause is a ministerial act, not a discretionary one. Amy v. Supervisors, 11 Wall 136, 20 L Ed 101 (1871):

> The rule of law is well settled, that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct.

The decisions rendered by the Alabama Supreme Court constitute a continuing violation of federal law, so redress is appropriate in federal court. Ex parte Young, 209 US 123, 52 L Ed 714, 28 S Ct 441 (1908).

In its decisions Ex parte Dawson and Ex parte McKelvey, the Alabama Supreme Court purports to create an exception to controlling U.S. Supreme Court precedent, Blockburger, interpreting the Double Jeopardy Clause of the Fifth Amendment, and that court attempts to create the exception without Legislative enactment, and contrary to currently constitutional and statutory state law.

The magistrate states that Ray cannot use the Declaratory Judgment Act to bring his claims; cannot use the habeas corpus statute because Ray cannot satisfy the "in custody" requirement; and cannot use § 1983 because Ray has not received a favorable determination, notwithstanding the fact that Ray does not seek damages. Ray objects to all of these legal conclusion.

(a)

Declaratory Judgment Act

In Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 81 L Ed 617, 57 S Ct 461 (1937), the Court held that the Declaratory Judgment Act validly conferred jurisdiction on federal courts to issue declaratory judgments in cases that raised federal question jurisdiction pursuant to 28 U.S.C. § 1331. Ray's claims properly invoke federal question jurisdion.

(b)

Sections 42 U.S.C. § 1983 & 28 U.S.C. § 2254

In Spencer v. Kemna, 523 US 1, 140 L.Ed.2d 43, 118 S ct 978, in a concurring opinion, Justice Souter stated, without comment from the Majority, that:

Individuals without recourse to the habeas statute because they are not "in custody" (people merely fined or whose sentences have been fully served, for example) fit within § 1983's "broad reach."

And, although Ray cannot satisfy the "in custody" requirement of § 2254, the Court in Spencer v. Kemna restated its "collateral consequences" exception to persons who had completed their sentences and cited United States v. Morgan, 346 US 502, 98 L Ed 248, 74 S ct 247 (1954), to show that a "conviction...used to increase petitioner's current sentence under state recidivist law" was a qualifying collateral consequence. Thus, Ray arguably qualifies under both statutes.

## Conclusion

Not only are Ray's convictions unlawful under State and Federal law, but the Alabama Supreme Court's ruling effectively would amend the U.S. Constitution if left intact. Contrary to the Recommendation of the magistrate, the principles of comity, finality and especially federalism are better served — not frustrated — when the limited but preemptive Rights and Power of the Federal Constitution are respected and applied by all States.

Whatever a judgment may do with respect to petitioner's convictions is overridden by what a judgment will do to preserve the integrity of the Federal Constitution.

Wherefore, said premises considered, Plaintiff PRAYS that the Court will reject the Recommendation of the magistrate.

10-25-07

*Melvin Ray*
Melvin Ray M-35
3700 Holman Unit
Atmore, AL 36503

-5-

I affirm under penalty of law that I have this 25th day of October, 2007, mailed this Motion and Objection via U.S. Mail, postage prepaid first-class by placing it into the prison mailing system and marked legal mail.

10-25-07

Melvin Ray

Melvin Ray M-35
AIS # 163343
3700 Holman Unit
Atmore, AL 36503

MOBILE AL 365
25 OCT 2007 PM 1 T

United States District Court
Middle District of Alabama
15 Lee St. P.O. Box 711
Montgomery, AL 36101-0711

**LEGAL MAIL ONLY**