IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN RAY, AIS #163343, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-858-MHT |
| | ) [WO] |
| | ) |
| TROY KING, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Melvin Ray ["Ray"], an indigent state inmate, initially filed this civil action under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] The court granted Ray leave to proceed *in forma pauperis* in this case.[2] On October 23, 2007, Ray amended his complaint to

---

[1] This Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." 28 U.S.C. § 2201(a). The law is well settled that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 80 S.Ct. 1288 (1960); *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 70 S.Ct. 876 (1950); *Harbert v. United States*, 206 Fed.Appx. 903, 908 (11th Cir. 2006) ("[T]he Declaratory Judgment Act does not establish an independent basis for federal jurisdiction."); *Federal Election Commission v. Reform Party of the United States*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007), *cert. denied*, *Seaboard System Railroad, Inc. V. Donovan*, 466 U.S. 936, 104 S.Ct. 1908 (1984); *Louisville & Nashville Railroad Company v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983). "The Act only provides courts with discretion to fashion a remedy. *See Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Thus, before invoking the Act, the court must have jurisdiction already." *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his cause of action screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss such action prior to service of process if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

permit this case to proceed before the court as a 42 U.S.C. § 1983 action "since ... the Declaratory Judgment action can't invoke [the court's] jurisdiction independently, and then to attach [his request for a declaratory judgment] to the § 1983 petition, which does properly invoke the court's jurisdiction." *Plaintiff's Motion for Leave to Amend Complaint - Court Doc. No. 8* at 3. In his amendment, Ray "adopted by incorporation" all arguments contained in the initial complaint and "only seeks declaratory and injunctive relief." *Plaintiff's Amendment to the Complaint - Court Doc. No. 10* at 4.

Upon review of the complaint, as amended, the court concludes that this 42 U.S.C. § 1983 action is subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. PROCEDURAL HISTORY

On February 9, 1990, Ray entered guilty pleas to three counts of third degree burglary and three counts of first degree theft of property before the Circuit Court of Etowah County, Alabama.[3] The sentences imposed for the aforementioned convictions have expired. *Ray v. State*, Civil Action No. 05-0269-WS-M (S.D. Ala. 2005), appeal dismissed October 25, 2006 - *Plaintiff's September 19, 2005 Motion to Include Remedy of Error Coram Nobis/Court Doc. No. 13* at 3 ("[T]he plaintiff ... is no longer 'in custody' on the [1990 burglary and theft convictions] because he has completed the sentences for

---

[3]Etowah County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

2

[these] convictions ...."). Ray is currently incarcerated at the Holman Correctional Facility on a sentence of life imprisonment without parole imposed upon him by the Circuit Court of Madison County, Alabama for a 2001 murder conviction. *Ray v. Campbell, et al.*, Civil Action 04-G-1605-NE (N.D. Ala. 2007).

In the instant civil action, Ray asserts that his 1990 convictions for third degree burglary and first degree theft of property violated "his right to be free from double jeopardy [because] the State used the same theft offense that was an element of the burglary conviction to secure a second conviction for that same theft offense...." *Plaintiff's Complaint - Court Doc. No. 1* at 5. Ray also complains that his convictions for burglary and theft deprived him of equal protection and due process. *Id*. at 1. In support of his arguments, Ray maintains that the opinion issued by the Alabama Supreme Court in *Ex parte McKelvey*, 630 So.2d 56 (Ala. 1992) improperly circumvented the constitutional protection against double jeopardy. *Plaintiff's Amendment to the Complaint - Court Doc. No. 10* at 3. Specifically, Ray argues that the court "unconstitutionally applied" state and federal law by creating an exception to the *Blockburger* test in holding that double jeopardy is not implicated when only one punishment is imposed for burglary and theft convictions arising from a single transaction which transaction is the foundation for both convictions. *Id.* He asserts that "[t]he Alabama Legislature, the U.S. Supreme Court, and the State and Federal Constitution[s] all prohibit multiple convictions and sentence for burglary with a theft and theft when [the burglary and theft] arise from a single incident and there is only

one theft incident." *Id.* Ray seeks a declaration from this court that his right to "protection against double jeopardy has been violated[,]" *Plaintiff's Complaint - Court Doc. No. 1* at 14, and issuance of "any writ or order requiring the state courts to comply with *Blockburger* until the Alabama legislature decides to create any exceptions." *Plaintiff's Amendment to the Complaint - Court Doc. No. 10* at 4. He also requests "any other declaratory relief and judgment authorized by law, including the fact that the statutes are unconstitutional as applied, and that they are being applied in a manner that deprives equal protection ...." *Plaintiff's Complaint - Court Doc. No. 1* at 14.

## II. DISCUSSION

### A. Ray's Claims for Relief

The claims presented by Ray go to the fundamental legality of his 1990 convictions for burglary and theft and, therefore, a judgment in favor of Ray would necessarily imply the invalidity of these convictions. Under the facts and circumstances of this case, the court concludes that the claims presented herein provide no basis for relief in a 42 U.S.C. § 1983 action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

No cause of action exists under § 1983 unless the convictions which would be impacted by a decision in this case have been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 489. The relevant

inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[s]...." 512 U.S. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("[T]he [relevant] issue," when applying *Heck*, "is not the relief sought, but the ground of the challenge."); *Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983...."); *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.). In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Here, Ray concedes that his 1990 burglary and theft convictions have not been reversed, expunged, invalidated or questioned by a federal court. *Heck* and its progeny

therefore make clear that Ray's claims for relief are not cognizable under § 1983. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies [and/or no longer has any remedies available to him] has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

### B.  Claims on Behalf of Alabama Citizens

Ray attempts to present claims alleging violations of the constitutional rights of all Alabama citizens. However, Ray lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person.

*Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to claims arising from the alleged violations of other citizens' constitutional rights, Ray is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. The claims presented by Ray with respect to such allegations allege "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4] Thus, the claims Ray presents on behalf of his fellow citizens are frivolous and subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before November 11, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[4] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of October, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE