United States District Court for
the Northern District of Alabama

2007 NOV -7 A 9:53

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Melvin Ray,
    Plaintiff,

vs.                                    2:07-CV-858 MHT

Troy King,
    Defendant.

## Objection to the Recommendation of the Magistrate Judge

Now comes the Plaintiff Melvin Ray, in this § 1983 civil action and objects to the recommendation of the magistrate, stating the following in support:

Plaintiff Ray has brought this action to have a State law declared unconstitutional, as violative of, among other clauses, the <u>Supremacy Clause</u> of the United States Constitution. The magistrate's recommendation does not address the Supremacy Clause issue, and the recommendation miscasts the nature of this action for a challenge to the constitutionality of state law into a challenge to Ray's prior convictions.

-1-

At issue is the following: In its decisions <u>Ex Parte Dawson</u> 674 So.2d 905 (Ala. 1996), and <u>Ex Parte Mckelvey</u>, 630 So.2d 56 (Ala. 1992), the Alabama Supreme Court purported to create an exception to the <u>Blockburger</u> "elements" test issued by the U.S. Supreme Court concerning the Double Jeopardy Clause of the <u>Fifth Amendment</u>.

<u>Ex parte Dawson</u>, 675 So.2d at 907:

> In 1932, the United States Supreme Court held that multiple punishments for multiple statutory offenses do not violate the prohibition against double jeopardy where each statutory offense requires proof of an additional fact that the other statutory offenses do not require. . . .
>
> <u>However</u>, in 1992, this Court held that where a defendant is charged with both burglary and theft arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. <u>Ex parte Mckelvey</u>, 630 So.2d 56 (Ala 1992) . . . <u>That court held, and we agree, that the rationale</u>

in <u>McKelvey</u> concerning theft-burglary situations constitutes a narrow exception to the Blockburger double jeopardy test. (emphasis added)

Plaintiff Ray seeks a declaration that the Alabama Supreme Court lacks authority to create an exception to the U.S. Supreme Court's ruling, and that the actual exception itself — that so long as the sentences are concurrent there is no violation — is also contrary to U.S. Supreme Court precedent. See, e.g., <u>Ball v. U.S.</u>, 470 US 856, 865: "[A] second conviction, even if it results in no greater sentence, is an impermissible punishment."

The magistrate posits that this action cannot be maintained under § 1983, citing <u>Heck v. Humphrey</u> and its progeny to the effect that Habeas Corpus is the exclusive remedy for a challenge to a conviction absent a favorable determination. However, this action challenges the constitutionality of a State, judicially-created law.

The conflicts created by the unconstitutional state law creates a far greater concerning that the <u>Heck</u> rule. The state law works to invalidate the Supremacy of the U.S. Constitution and transgresses upon the Sovereignty of the Federal Government concerning matters delegated by the People, pre-emptively, to the Federal Government. The rationale of the magistrate does not consider that the supremacy of the Constitution supercedes the Congressionally enacted habeas statute. The Constitution must be preserved first, then the statute.

Additionally, plaintiff is entitled to proceed for practical reasons: The decision being challenged was issued by the highest court in the state, and this court has already rejected plaintiff's petition to correct this ruling. Thus, only the federal judiciary can remedy this error, either by § 1983 or, in the exercise of its discretion, through the Declaratory Judgment Act[i], the All Writs Act, or by common-law writ.

---

i. Plaintiff <u>adopts</u> his original objection in full.

-4-

Wherefore, said premises considered, plaintiff PRAYS that the Court will reject the Recommendation of the magistrate.

Respectfully submitted,

*Melvin Ray* 11/5/07
Melvin Ray
3700 Holman Unit
Atmore, AL 36503



Melvin Ray / M· 35
163343
3700 Holman Unit
Atmore, AL 36503

United States District Court
15 Lee Street, P.O. Box 711
Montgomery, AL 36101-0711

Legal Mail